IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CASEY L. WALKER,

                Petitioner,                OPINION and ORDER

  v.

                                           17-cr-113-jdp

UNITED STATES OF AMERICA,              19-cv470-jdp

                Respondent.

---

Casey L. Walker has filed a postconviction motion under 28 U.S.C. § 2255, challenging the sentence he received after he pleaded guilty to attempted possession with intent to distribute cocaine. He contends that his counsel was constitutionally ineffective at sentencing by failing to notify the court that Walker had voluntarily provided information to the government that resulted in the seizure of a significant amount of methamphetamine and at least two additional arrests. Walker argues that if his attorney had disclosed this information and sought a downward departure from the sentencing guidelines, his sentence likely would have been lower.

I am denying Walker's motion because he has failed to show that he received ineffective assistance of counsel or that his sentence was otherwise imposed in violation of the Constitution or laws of the United States.

BACKGROUND

In November 2017, a federal grand jury indicted Walker for attempted possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a). On March 13, 2018, the government notified Walker's counsel that Walker appeared to qualify

for the recidivist enhancement penalties in 21 U.S.C. §§ 841(b)(1)(A) and (B). Dkt. 3-1. The government's notice stated that Walker had been convicted of at least three previous drug felonies, but that the government would consider any information that counsel thought might be relevant to the government's decision whether to seek an enhancement. *Id.*

Without any enhancement, the penalty for possession with intent to distribute five kilograms or more of cocaine would be ten years to life imprisonment. 21 U.S.C. § 841(b)(1)(A). But if the government sought a recidivist enhancement, the mandatory minimums would increase significantly. If Walker had one prior conviction for a felony drug offense, the mandatory minimum sentence would increase from ten years to twenty years imprisonment. If Walker had two prior felony convictions, the mandatory minimum sentence would increase from ten years to life imprisonment. *Id.*[1] To establish a prior conviction that qualified under § 841(b)(1)(A), the government would have to file an information describing the prior convictions on which the enhancements would rest. 21 U.S.C. § 851.

On May 31, 2018, Walker told federal agents about 16 pounds of methamphetamine that he had stored. The methamphetamine was seized as a result of Walker's disclosure. (Walker states in his brief that he provided this information to the government after he accepted the plea agreement, but the record shows that Walker did not sign the plea agreement until July 2018.)

On June 27, 2018, Walker's counsel and an Assistant United States Attorney exchanged emails about Walker's disclosure of the methamphetamine. The Assistant United States Attorney stated that because Walker had disclosed the methamphetamine, the government

---

[1] These mandatory minimums were reduced by § 401 of the First Step Act of 2018. But the higher enhancements would have applied to Walker.

would not file an § 851 information seeking a recidivist enhancement. Dkt. 3-2. The attorney also stated that if Walker provided further assistance, the government would consider filing for a sentencing reduction based on substantial assistance. *Id.*

On July 18, 2018, Walker pleaded guilty to the one-count indictment pursuant to a plea agreement. Dkt. 34 in 17-cr-113-jdp. The plea agreement stated that Walker's conviction would result in a mandatory minimum penalty of ten years in prison and a five-year term of supervised release. *Id.* The plea agreement also stated that the government elected not to file an information under 21 U.S.C. § 851, that Walker waived his right to appeal any sentence less than 240 months, and that his counsel would not recommend any sentence less than 168 months. *Id.*

During the plea hearing, I reviewed the plea agreement with Walker. Dkt. 45 in 17-cr-113-jdp. Defense counsel noted that Walker was confused about the plea agreement, and that his "confusion is that there has been a significant level of cooperation that may have resulted in the government not filing the 851 enhancer." *Id.* at 27. Counsel explained that Walker's "cooperation is not part of this plea agreement," and that it "would be up to the government, if it chooses to do so, to go below the 14 years, but I am prohibited from asking for anything less than that." *Id.* I then explained to Walker that the government could ask for a reduction based on Walker's cooperation at some point, but that under the plea agreement, counsel could not argue for less than 168 months of incarceration. *Id.* at 19, 23, 25, 27. Walker asked why his lawyer could not argue for a lesser sentence, and I explained that the restriction on his counsel was part of the plea deal. *Id.* at 26. I also explained that the ultimate sentencing decision would be up to the court. *Id.* at 23. Walker stated that he understood the terms of the plea agreement, and I accepted his plea. *Id.* at 29, 33.

3

At the sentencing hearing, I granted a three-level reduction of Walker's offense level based on his acceptance of responsibility. Dkt. 57 in 17-cr-113-jdp. I determined that Walker qualified as a career offender under the sentencing guidelines, and that under the guidelines, Walker's advisory guidelines imprisonment range was 262 to 327 months. *Id.* at 5. If Walker had not been a career offender, his guidelines range would have been 168 to 210 months. *Id.* at 6. Neither the government nor defense counsel argued for a specific sentence for Walker. Defense counsel asked the court to consider that Walker was raised in a challenging environment with few options, that he had showed genuine remorse, and that he had strong family support. *Id.* at 10. Walker also spoke during sentencing, stating that he had reached a point in his life that he wanted to focus on his family and stop engaging in criminal activities. *Id.* at 12–13. At the end of the hearing, I sentenced Walker to 14 years imprisonment, to be followed by five years of supervised release. The sentence was at the bottom of the guidelines range for Walker's offense level, without the career offender enhancement.

## ANALYSIS

### A. Ineffective assistance of counsel

Section 2255 allows a prisoner in federal custody to move for relief on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a); *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017). Walker contends that his sentence is unlawful because his counsel provided constitutionally ineffective assistance during the sentencing hearing. Walker argues that counsel should have notified the court that Walker had provided significant assistance to the government by disclosing the location of 16 pounds of methamphetamine. In his reply brief, Walker also states that after

pleading guilty, he provided additional information to federal agents that resulted in at least two other arrests and seizures. He argues that if his counsel had notified the court of Walker's substantial assistance and had moved for downward departures under U.S.S.G. §§ 5K1.1 and 5K2.16, Walker likely would have received a lower sentence.

A claim for ineffective assistance of counsel has two elements: deficient performance and prejudice. *Brown v. Finnan*, 598 F.3d 416, 422 (7th Cir. 2010). To demonstrate deficient performance, Walker must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To demonstrate actual prejudice, Walker must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. To satisfy the prejudice element in the sentencing context, Walker must show that there is a reasonable probability that he would have received a lighter sentence but for counsel's alleged errors. *Griffin v. Pierce*, 622 F.3d 831, 844 (7th Cir. 2010). Walker has failed to show that his counsel acted deficiently by failing to tell the court about Walker's substantial assistance and failing to move for a reduction of Walker's sentence under U.S.S.G. §§ 5K1.1 or 5K2.16.

Under § 5K1.1, the government may file a motion indicating that a defendant has provided substantial assistance in the investigation or prosecution of other criminal matters and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the sentencing guidelines. Unless a plea agreement requires the government to file a § 5K1.1 motion, whether to file a motion is within the sole discretion of the government. *United States v. Miller*, 458 F.3d 603, 604–05 (7th Cir. 2006); *United States v. Lezine*, 166 F.3d 895, 900–01 (7th Cir. 1999) ("It is well-settled that in the absence of a plea agreement, the Government has broad discretion to withhold a section 5K1.1 motion."). Walker says that he

provided substantial information to the government, after he signed the plea agreement, that resulted in at least two additional arrests and drug seizures. But Walker's plea agreement did not contain any requirement that the government request a downward departure under § 5K1.1, and both Walker's counsel and the court explained to Walker at the plea hearing that it would be up to the government to request a sentence lower than 168 months. Walker's counsel could not seek a reduction under § 5K1.1, and Walker has identified no reason why his counsel should be blamed for the government's refusal to file for a downward departure.

Walker also argues that his counsel should have requested a downward departure under § 5K2.16, which authorizes a downward departure when a defendant voluntarily discloses the offense prior to its discovery. The guidelines state that a downward departure is warranted only where the offense was unlikely to have been discovered absent the defendant's disclosure. Walker argues that his counsel should have requested a downward departure under § 5K2.16 based on Walker's disclosure of the methamphetamine before he signed the plea agreement. But this argument fails for two reasons. First, § 5K2.16 authorizes a downward departure for disclosure of the offense for which the defendant is being charged. U.S.S.G. § 5K2.16 ("If the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, *the* offense prior to the discovery of such offense, and if such offense was unlikely to have been discovered otherwise, a downward departure may be warranted.") (emphasis added). So if Walker had voluntarily disclosed to authorities his possession of the cocaine at issue in this case, Walker might have been entitled to a downward departure under § 5K2.16. And if Walker is charged with a federal offense related to the methamphetamine, he may seek a downward departure under § 5K2.16 in the methamphetamine case. But Walker's disclosure of the methamphetamine does not entitle him to a downward departure under § 5K2.16 in his case.

6

Second, Walker received a significant benefit for his disclosure of the methamphetamine. The record establishes that the government elected not to seek a recidivist enhancement under 21 U.S.C. § 841(b)(1)(A) based on Walker's disclosure of the methamphetamine. A recidivist enhancement would have increased Walker's mandatory minimum substantially. Counsel was not ineffective for failing to request a downward departure for Walker's disclosure of the methamphetamine, when Walker had already received a significant benefit for the disclosure.

Finally, Walker's own statements at the plea hearing doom any argument that counsel failed to explain the plea agreement or Walker's potential sentence properly. Walker stated at the plea hearing that he had sufficient time to discuss the agreement with his counsel and that he had no promises from the government beyond the written terms of the plea agreement. I went over the plea agreement with Walker and ensured that he understood the consequences of his plea. Walker stated that my discussion with him cleared up the confusion he had regarding the plea agreement, and Walker's statements at the plea hearing are presumed to be truthful. *United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998). *See also United States v. Harper*, 934 F.3d 524, 529–30 (7th Cir. 2019) (court's thorough discussion with defendant regarding sentencing cured any possible prejudice from counsel's alleged failure to explain sentencing adequately).

For all of these reasons, Walker has failed to show that his counsel was ineffective during sentencing. Therefore, Walker's motion for relief under § 2255 will be denied.

**B. Certificate of appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order. To obtain a certificate of

appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Walker's motion under 28 U.S.C. § 2255 is without merit. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

### ORDER

IT IS ORDERED that:

1. Petitioner Casey L. Walker's motion for postconviction relief under 28 U.S.C. § 2255 is DENIED.

2. Walker is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered August 21, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge